OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF MARYLAND
NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962    FAX: (410) 962-0872
EMAIL: gary_christopher@fd.org

RECEIVED
MAR 26 2001
JUDGE WILLIAM M. NICKERSON

JAMES WYDA
FEDERAL PUBLIC DEFENDER

GARY W. CHRISTOPHER
CHIEF ASSISTANT FEDERAL PUBLIC DEFENDER

March 23, 2001

The Honorable
William M. Nickerson
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

    Re: Wesley Eugene Baker v. Corcoran et al.
    Civil No. WMN-97-850

Dear Judge Nickerson:

    The purpose of this letter is to request the Court's permission for the Federal Public Defender, pursuant to its appointment as counsel for Wesley Eugene Baker in the federal habeas corpus proceedings, to appear on his behalf as necessary in certain ancillary state court proceedings.

    The Court will recall that this Office was appointed along with William B. Purpura, Esquire, to represent Mr. Baker in federal habeas corpus proceedings challenging the sentence of death imposed by the State of Maryland. Mr. Purpura was also appointed by the Maryland Office of the Public Defender to represent Mr. Baker in state court proceedings, and until now he has exclusively responsible for representing Mr. Baker in state court matters. The Court will recall that Chief Judge Motz and others of us who developed the appointment policy in federal death habeas cases were sensitive to the concern of the Administrative Office that Federal Defenders not be extensively involved in the State post conviction process. Our Office has worked closely with Mr. Purpura in order to assure continuity with the federal proceedings, but we have carefully avoided appearing in state court or filing any papers in state court.

    After denial of Mr. Baker's habeas corpus petition in this Court, we continued to represent him before the Fourth Circuit, which affirmed your judgment, and on petition for writ of certiorari, which was denied on February 26, 2001. A warrant of execution may issue during the first week of April, and if so it would call for Mr. Baker's execution no later than early June. As you might expect, we are, pursuant to our appointment, evaluating whether any federal remedies (such as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(2)) might be available to Mr. Baker. We are working closely with Mr. Purpura in that regard; he has filed papers in state court which will be heard on April 2 and thereafter, presumably, in the Court of



Hon. William M. Nickerson                                              March 23, 2001

Appeals of Maryland.

    Our problem is that without being able to file and serve state court papers on which we have collaborated or to be at the trial table during state court hearings, the flurry of activity which has begun is increasingly difficult to manage and unnecessarily complicated. Our appointment, of course, authorizes us to represent Mr. Baker in "ancillary matters appropriate to the proceedings," 18 U.S.C. § 3006A, if such representation is reasonably necessary to protect a Constitutional right or is closely related to the federal proceeding. VII *Guide to Judiciary Policies and Procedures* § 2.01.F(5). I am informed by the Defender Services Committee of the Administrative Office that Federal Public Defenders appointed to capital habeas corpus cases may, with the approval of the presiding judicial officer in the federal proceeding, appear in ancillary state court proceedings as necessary.

    Our plan is that Mr. Purpura will continue to be lead counsel in state court and be responsible for the lion's share of the work in the state proceedings, but we would be permitted to enter appearances in the Maryland courts, to sign, file, and serve pleadings, and to appear physically along with Mr. Purpura at any hearings or arguments that are conducted in his case. We shall, in accordance with the attached memorandum from the Defender Services Division, carefully monitor the time devoted to any such ancillary matters. This accommodation will serve to make what may be a very difficult time for counsel and this Office a little less complicated and difficult.

    Given Chief Judge Motz's interest in this issue, I am copying him on this letter, and I suggest that, in considering our request, Your Honor may wish to take into account any concerns or suggestions which the Chief Judge might have. If the Court approves, I ask that the Court so indicate by a marginal entry on this letter and that a copy be returned to me. If the Court has any questions, please do not hesitate to contact me.

                                                               Very truly yours,

                                                               Gary W. Christopher

Hon. J. Frederick Motz

                                  " *APPROVED* " THIS 28th DAY
                                  OF *March*, 20 01
                                  UNITED STATES DISTRICT JUDGE



LEONIDAS RALPH MECHAM
Director

CLARENCE A. LEE, JR.
Associate Director

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS

WASHINGTON, D.C. 20544

THEODORE J. LIDZ
Chief
Defender Services Division

March 8, 2001

## MEMORANDUM TO ALL FEDERAL PUBLIC/COMMUNITY DEFENDERS

**SUBJECT:**   State Court Appearances Ancillary to Federal Habeas Corpus Representations
**(ACTION REQUESTED)**

RESPONSE DUE DATE:   **As soon as possible after March 31, 2001**

This memorandum follows-up on my September 20, 2000 memo regarding the next report of state appearances ancillary to federal habeas corpus representations, which covers actions from April 1, 2000 through March 31, 2001. As previously explained, the Judicial Conference Executive Committee has requested that the Defender Services Committee monitor federal defender appearances in state court as extensions of representations of 28 U.S.C. § 2254 capital petitioners, and annually advise the Judicial Conference of the data collected.

In order to enable the Division to respond to the Judicial Conference's request, please maintain a record of appearances by your office in state court proceedings related to § 2254 actions involving challenges to state-imposed death sentences. An "appearance" means an involvement in a state court proceeding ancillary to a 28 U.S.C. § 2254 capital action in which your office: (1) is official counsel of record in state court; or (2) expended resources in the state court representation. Additionally, for each death-sentenced client on whose behalf your office makes a state court appearance, please record the number of times your office appears in state court for that client; the purpose of each appearance; the hours committed by attorneys, paralegals, research and writing specialists, and investigators to the representation; and additional costs solely attributable to the state court representation (e.g., filing or copying fees).

As soon as possible after March 31, 2001, please provide a report to Hunter Labovitz in the Defender Services Division on appearances by your office from April 1, 2000 through March 31, 2001. (A chart for use in reporting the requested data is attached to the e-mail containing this memorandum.) The Division will prepare a report on state court appearances for the Committee

State Court Appearances Ancillary to Federal Habeas Corpus Representations        Page 2

on Defender Services to consider at its spring meeting. The Committee may request further details in some districts, depending upon the data received, and will advise the Judicial Conference of the results of the Executive Committee's inquiry.

    Thank you for your help on this matter. If you have any questions or concerns, please do not hesitate to contact Hunter Labovitz in the Division on 202-502-3050 or via email at AOHUBPO Labovitz, Hunter.

*Ted*

Theodore J. Lidz

cc:   Honorable Robin J. Cauthron

OPTIONAL FORM 99 (7-90)

**FAX TRANSMITTAL**  # of pgs /

To: HUNTER LABOVITZ    From: DAVID SHANNON

Dept/Agency:    Phone #

Fax #    Fax #

NSN 7540-01-317-7368    5099-101    GENERAL SERVICES ADMINISTRATION



LEONIDAS RALPH MECHAM
Director

CLARENCE A. LEE, JR.
Associate Director

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

WASHINGTON, D.C. 20544

January 29, 1999

THEODORE J. LIDZ
Chief
Defender Services Division

PUBLIC DEFENDER
DISTRICT OF ARIZONA
TUCSON, AZ

## MEMORANDUM TO FEDERAL DEFENDERS

SUBJECT:   Expenditure of Criminal Justice Act Funds to Support Federal Defender Organization Representation in State Court

At its December 1998 meeting, the Judicial Conference Committee on Defender Services discussed the expenditure of Criminal Justice Act funds to support federal defender organization representation in state court in connection with federal capital habeas corpus proceedings. To clarify the Committee's position, the following resolution was adopted:

> Upon the recommendation of the Committee on Defender Services, at its March 1998 session the Judicial Conference considered the representation of state death-sentenced inmates in state proceedings. Since the Conference's consideration of this matter, the Committee has been made aware of a need to provide further guidance to federal defenders on this question. Recognizing that the matter has been addressed as a legal question by several courts and the General Counsel of the Administrative Office of the U.S. Courts, the Committee on Defender Services resolved that <u>Defender Services appropriation funds may not be used to represent an individual under a state imposed death sentence in a state proceeding unless a presiding judicial officer in a federal judicial proceeding involving the individual has determined that</u> such use of Defender Services appropriation funds is authorized by law.

This supersedes the policy statement in Attachment 5 to the Fiscal Year 1999 Operations Memorandum, which is hereby revoked. If you have any questions regarding this resolution, please contact Steve Asin at (202) 502-3030.

Theodore J. Lidz